1    Robert A. Bailey (#214688)
       rbailey@afrct.com
2    E. Christine Hehir (#201969)
       chehir@afrct.com
3    ANGLIN, FLEWELLING, RASMUSSEN,
        CAMPBELL & TRYTTEN LLP
4    199 South Los Robles Avenue, Suite 600
     Pasadena, California 91101-2459
5    Telephone:  (626) 535-1900
     Facsimile:   (626) 577-7764
6
7    Attorneys for Defendants WELLS FARGO
     BANK, N.A., successor by merger with Wells
     Fargo Bank Southwest, N.A., formerly known
8    as Wachovia Mortgage, FSB, f/k/a World
     Savings Bank, FSB (erroneously sued as Wells
9    Fargo Home Mortgage" and "Wachovia
     Corporation") and GOLDEN WEST SAVINGS
10   ASSOCIATION SERVICE CO. ("Golden
     West") (collectively "Wells Fargo")
11

12                        UNITED STATES DISTRICT COURT

13           NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

14

15   MATTHEW H. ELMORE, as Pro Se,          CASE NO.: 3:13-CV-00003-EDL

16              Plaintiff,                   [The Honorable Elizabeth D. Laporte]

17        vs.                               **DEFENDANT WELLS FARGO'S NOTICE OF MOTION AND MOTION TO DISMISS THE COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**
18   WORLD SAVINGS BANK, FSB, GOLDEN
     WEST SAVINGS ASSOCIATION SERVICE,
19   COMPANY, WELLS FARGO HOME
     MORTGAGE, WELLS FARGO, N.A.,          [Filed with Request for Judicial Notice]
20   WACHOVIA CORPORATION, CO-
     DEFENDANT'S, CAL WESTERN              Date:       February 19, 2013
21   RECONVEYANCE, COMPANY, COMMON         Time:       9:00 a.m.
     WEALTH LAND TITLE INSURANCE           Ctrm:       E (15th Floor)
22   COMPANY, and all other parties known or
     unknown thereof,
23
                Defendants.
24

25

26   **TO PLAINTIFF IN PRO SE:**

27        **PLEASE TAKE NOTICE that** on **February 19, 2013** at **9:00 a.m.** in **Courtroom E** of

28   the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, California, the

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1 Honorable Elizabeth D. Laporte presiding, defendant Wells Fargo Bank, N.A. ("Wells Fargo")

2 will move to dismiss the first through fourth claims in the complaint, pursuant to FRCP 12(b)(6).

3       Grounds for the motion pursuant to Rule 12(b)(6) and Rule 9 are as follows: Plaintiff

4 lacks standing to pursue claims belonging to the bankruptcy estate, the complaint fails to state a

5 claim, the fraud claims are not plead with the required specificity, state law causes of action are

6 preempted by the Home Owners' Loan Act ("HOLA"), plaintiffs have not alleged an ability to

7 tender the debt that is owed to defendant Wells Fargo and the claims are barred by the statute of

8 limitations.

9       The motion to dismiss is based upon this notice, the memorandum of points and

10 authorities, the complaint, the accompanying request for judicial notice, and on Wells Fargo's

11 argument at the hearing, if any.

12                       Respectfully submitted,

13 Dated: January 11, 2013           ANGLIN, FLEWELLING, RASMUSSEN,
                            CAMPBELL & TRYTTEN LLP

14

15                     By:   /s/ E. Christine Hehir
                        E. Christine Hehir

16                         chehir@afrct.com
                  Attorneys for Defendants WELLS FARGO

17                   BANK, N.A., successor by merger with Wells
                  Fargo Bank Southwest, N.A., formerly known as

18                   Wachovia Mortgage, FSB, f/k/a World Savings
                  Bank, FSB (erroneously sued as Wells Fargo

19                   Home Mortgage" and "Wachovia Corporation")
                  and GOLDEN WEST SAVINGS ASSOCIATION

20                   SERVICE CO. ("Golden West") (collectively
                  "Wells Fargo")

21

22

23

24

25

26

27

28

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ......................................................... 1

1.  INTRODUCTION ............................................................................................................. 1

2.  SUMMARY OF COMPLAINT AND JUDICIALLY NOTICEABLE
    FACTS. ........................................................................................................................... 1

    A.  Plaintiff's Loan. .................................................................................................... 1

    B.  The Foreclosure and Plaintiff's Bankruptcy Discharge. ..................................... 2

    C.  Plaintiff's Claims Against Wells Fargo. .............................................................. 2

3.  PLAINTIFF CANNOT PREVAIL ON THESE CLAIMS AS THEY
    BELONG TO THE BANKRUPTCY TRUSTEE AND WERE NOT
    ABANDONED. ................................................................................................................ 3

    A.  Plaintiff Lacks Standing To Pursue Any Of His Claims. .................................... 3

    B.  Plaintiff Is Judicially Estopped To Assert His Claims Because He Did
        Not Disclose Them In His Bankruptcy Schedules. .............................................. 4

4.  PLAINTIFF'S LACK OF TENDER IS A BAR TO EACH CLAIM
    SEEKING EQUITABLE RELIEF AND TO RESCIND OR REFORM THE
    CONTRACT. ................................................................................................................... 7

5.  PLAINTIFF'S CLAIMS FOR RELIEF BASED ON TILA VIOLATIONS
    (15 USC § 1601 ET SEQ., 15 USC § 1635 AND 12 C.F.R. 226) SUFFER
    FROM A NUMBER OF FATAL DEFECTS (CLAIMS 1 THROUGH 11). ................. 8

    A.  The Claim For Rescission Is Barred By The Three Year Statute Of
        Repose. ................................................................................................................ 10

    B.  Any Claim For Damages Under TILA Is Barred By A One Year
        Limitation Period. .............................................................................................. 11

6.  PLAINTIFF CANNOT STATE A CLAIM UNDER THE FAIR DEBT
    COLLECTION PRACTICES ACT ("FDCPA") (13TH). ............................................ 11

7.  PLAINTIFF'S FOURTEENTH CLAIM FOR RESPA VIOLATIONS (12
    U.S.C. §2601, ET SEQ.) IS TIME BARRED AND OTHERWISE NOT
    ACTIONABLE. ............................................................................................................ 12

    A.  There Is No Right To Rescission Under RESPA. .............................................. 12

    B.  Plaintiff's Claims For Damages Are Time-Barred ........................................... 12

8.  THE REMAINING CLAIMS CHALLENGING WELLS FARGO'S
    STANDING TO FORECLOSE ARE BASED ON ALLEGATIONS WHICH
    ARE FACTUALLY INCORRECT AND FAIL AS A MATTER OF LAW. ................ 13

    A.  Claims Based On Securitization Have Been Universally Rejected. ................... 13

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

| | | |
|---|---|---|
| | B. | Wells Fargo Has Standing To Enforce The Deed Of Trust. ............................. 14 |
| | C. | No Assignment of the Deed of Trust Was Necessary ......................................... 15 |
| 9. | | THE REMAINING CLAIMS SUFFER FROM ADDITIONAL SHORTCOMINGS. .......................................................................................... 16 |
| | A. | There Is No Merit In The Claim For Relief For Either Slander Of Title Or Quiet Title (15th) ........................................................................ 16 |
| | | i. The Slander of Title Claim Fails Because Plaintiff Cannot Allege A False Statement, Made With Malice, Which Is Not Privileged And He Cannot Allege Resulting Injury. ............................. 16 |
| | | ii. The Claim For Quiet Title Is Missing Key Elements, Fails For Lack Of Tender And Is Barred By The Statute Of Limitations. ............ 17 |
| | B. | Plaintiff's Claims For Fraud Are Time Barred And Not Pled With The Requisite Specificity (16th & 18th). ......................................................... 18 |
| | | i. The Claims Are Time-Barred. ............................................................... 18 |
| | | ii. Plaintiff Fails To Plead Either Fraud With Particularity. ...................... 18 |
| | C. | Plaintiffs Cannot Plead The Elements Of Negligent Supervision (17th). ................................................................................................................ 19 |
| 10. | | PLAINTIFF'S STATE LAW CLAIMS ARE PREEMPTED BY THE HOME OWNER'S LOAN ACT ("HOLA"). .......................................................... 20 |
| | A. | As A Federally-Chartered Savings Bank, World Savings Operated Under HOLA. ................................................................................................... 20 |
| | B. | Regulations Promulgated By The OTS Preempt Any State Law That Affects The Operation Of A Federal Savings Association. ............................... 20 |
| | C. | State Laws Preempted By HOLA. ................................................................... 21 |
| | D. | The Application Of HOLA Preempts Plaintiffs' Claims. .................................. 22 |
| 11. | | NONE OF THE CLAIMS IS SUFFICIENT AS TO GOLDEN WEST ....................... 24 |
| 12. | | CONCLUSION .......................................................................................................... 24 |

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**FEDERAL CASES**

*Ahmed v. Wells Fargo Bank*,
2011 U.S. Dist. LEXIS 49526 (N.D. Cal. May 9, 2011) ........................................23

*American Banker Association v. Lockyear*,
239 F. Supp. 2d 1000 (E.D. Cal. 2002)....................................................................20

*Anaya v. Advisors Lending Group*,
2009 U.S. Dist. LEXIS 68373 (E.D. Cal. Aug. 3, 2009) .........................................8

*Bank of America v. The City & County of San Francisco*,
309 F.3d 551 (9th Cir. 2002) .............................................................................20, 21

*Beach v. Ocwen Federal Bank*,
523 U.S. 410, 118 S. Ct. 1408 (1998)......................................................................10

*Castillo v. Wachovia Mortg.*,
2012 U.S. Dist. LEXIS 50926 (N.D. Cal. Apr. 11, 2012) .......................................23

*Christiansen v. Wells Fargo Bank*,
2012 U.S. Dist. LEXIS 142070 (N.D. Cal. Oct. 1, 2012, Ryu, J.) ..........................13

*DeLeon v. Wells Fargo Bank, N.A.*,
729 F. Supp. 2d 1119 (N.D. Cal. June 9, 2010, Fogel, J.) ........................15, 21, 23

*Dooms v. Fed. Home Loan Mortg. Corp.*,
2011 U.S. Dist. LEXIS 38550 (E.D. Cal. Mar. 30, 2011) .......................................19

*Fabia v. First St. Fin., Inc.*,
2011 U.S. Dist. LEXIS 29382 (C.D. Cal. Mar. 3, 2011).........................................12

*Fidelity Federal Sav. & Loan Ass'n v. de la Cuesta*,
458 U.S. 141 (1982)..................................................................................................21

*Gens v. Wachovia Mortgage Corp.*,
2011 U.S. Dist. Lexis 33 (N.D. Cal. Jan. 3, 2011)..................................................10

*Glen Holly Entertainment, Inc. vs. Tektronix, Inc.*,
100 F. Supp. 2d 1086 (C.D. Cal. 1999) ...................................................................18

*Glendale Fed. Sav. & Loan Ass'n v. Fox*,
459 F. Supp. 903 (C.D. Cal. 1978) ..........................................................................21

*Guerrero v. Wells Fargo Bank, N.A.*,
2010 U.S. Dist. LEXIS 96261 (C.D. Cal. Sept. 14, 2010).......................................21

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

*Hafiz v. Greenpoint Mortg. Fund., Inc.,*
    652 F. Supp. 2d 1039 (N.D. Cal. 2009) ...........................................................................13, 14

*Hague v. Wells Fargo Bank, N.A.,*
    2011 U.S. Dist. LEXIS 140122 (N.D. Cal. Dec. 6, 2011) .......................................................23

*Hamilton v. State Farm Fire & Cas. Co,*
    270 F.3d 778 (9th Cir. 2001) ...........................................................................................5, 6

*Hauk v. JP Morgan Chase Bank USA,*
    552 F.3d 1114 (9th Cir. 2009) ...............................................................................................8

*In re Lopez,*
    283 B.R. 22 (9th Cir. BAP 2002) ..........................................................................................3

*Jelsing v. MIT Lending,*
    2010 U.S Dist. LEXIS 68515 (S.D. Cal. July 9, 2010) .........................................................11

*King v. State of California,*
    784 F.2d 910 (9th Cir. 1986) ................................................................................................11

*Lane v. Vitek Real Estate Indus. Group,*
    713 F. Supp. 2d 1092 (E.D. Cal. May 11, 2010) ..................................................................14

*Logvinov v. Wells Fargo Bank, N.A.,*
    2011 U.S. Dist. LEXIS 141988 (N.D. Cal. Dec. 9, 2011) .....................................................14

*Marty v. Wells Fargo Bank,*
    2011 U.S. Dist. LEXIS 29686 (E.D. Cal. Mar. 22, 2011) .....................................................14

*Metcalf v. Drexel Lending Group,*
    2008 U.S. Dist. LEXIS 87420 (S.D. Cal. April, 22, 2008).....................................................12

*Meyer v. Ameriquest Mortgage Co.,*
    342 F.3d 899 (9th Cir. 2003) ................................................................................................11

*Miguel v. Country Funding Corp.,*
    309 F.2d 1161 (9th Cir. 2002) ..............................................................................................10

*Moore v. Keyport Package Express, Inc.,*
    885 F.2d 531 (9th Cir. 1989) ................................................................................................18

*Morrison v. Wachovia Mortgage,*
    2012 U.S. Dist. LEXIS 38447 (C.D. Cal. Jan. 9, 2012) ...................................................22, 23

*Mulato v. WMC Mortg. Corp.,*
    2010 U.S. Dist. LEXIS 47100 (N.D. Cal. Apr. 16, 2010) .....................................................13

*Nguyen v. Wells Fargo Bank, N.A.,*
    749 F. Supp. 2d 1022 (N.D. Cal. Oct. 25, 2010) .............................................................15, 23

*Parcray v. Shea Mortg., Inc.*,
   2010 U.S. Dist. LEXIS 40377 (E.D. Cal. Apr. 23, 2010)......................................16

*Perriguerra v. Meridas Capital, Inc.*,
   2010 U.S. Dist. LEXIS 8082 (N.D. Cal. Feb 1, 2010) ...........................................7

*Qureshi v. Countrywide Home Loans, Inc.*,
   2010 U.S. Dist. Lexis 21843 (N.D. Cal. Mar. 10, 2010) ........................................8

*Roque v. Suntrust Mortg., Inc.*,
   2010 U.S. Dist. LEXIS 11546 (N.D. Cal. Feb. 9, 2010) ........................................14

*Russell v. Rolfs*,
   893 F.2d 1033 (9th Cir. 1990) ...........................................................................5

*Sherman v. Wells Fargo Bank, N.A.*,
   2011 U.S. Dist. LEXIS 51641 (E.D. Cal May 12, 2011)..........................................4

*Sierra Switchboard Co. v. Westinghouse Elec. Corp.*,
   789 F.2d 705 (9th Cir. 1986) .............................................................................3

*Silvas v. E*Trade Mortgage Corp.*,
   514 F.3d 1001 (9th Cir. 2008) ......................................................................21, 22

*Thomasson v. Bank One*,
   137 F. Supp. 2d 721 (E.D. La. 2001) ...............................................................11

*Valdez v. America's Wholesale Lender*,
   2009 U.S. Dist. LEXIS 118241 (N.D. Cal. Dec. 18, 2009).....................................11

*Wadhwa v. Aurora Loan Services, LLC, et. al.*,
   2011 U.S. Dist. LEXIS 73949, 2011 WL 2681483 (N.D. Cal. July 8, 2011).............13, 14, 23

*Wadlington v. Credit Acceptance Corp.*,
   76 F.3d 103 (6th Cir. 1996) ...........................................................................11

*Wolf v. Wells Fargo Bank, N.A.*,
   2011 U.S. Dist. LEXIS 117835 (N.D. Cal. Oct. 12, 2011)....................................15

*Zlotnik v. U.S. Bancorp, et al.*,
   2009 U.S. Dist. LEXIS 119857 (N.D. Cal. Dec. 22, 2009)....................................21

**STATE CASES**

*Abdallah v. United Savings Bank*,
   43 Cal. App. 4th 1101 (1996) ...........................................................................7

*Blix St. Records, Inc. v. Cassidy*,
   191 Cal. App. 4th 39 (2010) .........................................................................4, 5

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

v

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

*Bostanian v. Liberty Sav. Bank*,
　　52 Cal. App. 4th 1075 (1997) ............................................................3

*Burkett v. Griffith*,
　　90 Cal. 532 (1891) ..........................................................................16

*Calvo v. HSBC Bank USA, N.A.*,
　　2011 Cal. App. LEXIS 1184 (Cal. App. 2d Dist., 2011) ....................16

*Conrad v. Bank of America Nat. Bank & Sav. Assoc.*,
　　45 Cal. App. 4th 133 (1996) ..............................................................5

*Davis. v. Wood*,
　　61 Cal. App. 3d 788 (1943) ..............................................................17

*Delfino v. Agilent Technologies, Inc.*,
　　145 Cal. App. 4th 790 (2006) ............................................................19

*Eddy v. Sharp*,
　　199 Cal. App. 3d 858 (1988) ............................................................19

*FPCI Re-Hab 01 v. E & G Invs.*,
　　207 Cal. App. 3d 1018 (1989) .................................................. passim

*Gaffney v. Downey Sav. & Loan*,
　　200 Cal. App. 3d 1154 (1988) ............................................................7

*Hamilton v. Greenwich Investors XXCI, LLC*,
　　195 Cal. App. 4th 1602 (2011) ..........................................................5

*Kachlon v. Markowitz*,
　　168 Cal. App. 4th 316 (2008) ..........................................................17

*Karlsen v. American Savings & Loan Ass'n*,
　　15 Cal. App. 3d 112 (1971) ................................................................7

*Lovejoy v. AT&T Corp.*,
　　92 Cal. App. 4th 85 (2001) ................................................................5

*Nguyen v. Calhoun*,
　　105 Cal. App. 4th 428 (2003) ............................................................7

*Nymark v. Heart Fed. Sav. & Loan Assn.*,
　　231 Cal. App. 3d 1089 (1991) ..........................................................19

*Perlas v. GMAC Mortg., LLC*,
　　187 Cal. App. 4th 429 (2010) ..........................................................19

*Sipe v. McKenna*,
　　88 Cal. App. 2d 1001 (1948) ..............................................................7

*Software Design & Appl., Ltd. v. Hoefer & Arnett, Inc.*,
   49 Cal. App. 4th 472 (1996) ..................................................................................19

*Tarmann v. State Farm Mutual Auto Insurance Co.*,
   2 Cal. App. 4th 153 (1991) ...................................................................................18

*Touli v. Santa Cruz County Title Co.*,
   20 Cal. App. 2d 495 (1937) .....................................................................................7

*Truck Ins. Exch. v. Bennett*,
   53 Cal. App. 4th 75 (1997) ...............................................................................16, 17

*Weiss v. Washington Mutual Bank*,
   147 Cal. App. 4th 72 (2007) ..................................................................................22

*Wilhelm v. Pray, Price, Williams & Russell*,
   186 Cal. App. 3d 1324 (1986) ...............................................................................18

**FEDERAL STATUTES**

11 U.S.C. § 521(1) ...........................................................................................................5

12 U.S.C. § 1461, *et seq.* ..............................................................................................20

12 U.S.C. § 1464(a) .......................................................................................................21

12 U.S.C. § 2601, *et seq.* ...........................................................................................9, 12

12 U.S.C. §§ 2605(f) & 2607(d) ...................................................................................12

12 U.S.C. § 2614 ............................................................................................................12

15 U.S.C. § 1601(a) ..........................................................................................................8

15 U.S.C. § 1601, *et seq.* ............................................................................................8, 9

15 U.S.C. § 1635 ....................................................................................................8, 9, 10

15 U.S.C. § 1635(a) ..........................................................................................................8

15 U.S.C. § 1635(f) ........................................................................................................10

15 U.S.C. § 1640(e) ........................................................................................................11

15 U.S.C. § 1692a(6)(F)(ii) ...........................................................................................11

15 U.S.C. § 1692g(b) ................................................................................................11, 12

**STATE STATUTES**

Cal. Civ. Code § 47 ........................................................................................................17

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

Cal. Civ. Code § 2923.5 ................................................................................................23

Cal. Civ. Code § 2924(d) ..............................................................................................17

Cal. Civ. Proc. Code § 318 ............................................................................................17

Cal. Civ. Proc. Code § 337 ......................................................................................17, 20

Cal. Civ. Proc. Code § 338(d) .......................................................................................18

Cal. Civ. Proc. Code § 761.020 .....................................................................................17

**RULES**

Fed. R. Bankr. P. 1007(b)(1)...........................................................................................5

Fed. R. Civ. P. 8 ............................................................................................................19

Fed. R. Civ. P. 9(b) .......................................................................................................18

**REGULATIONS**

12 C.F.R. 226, *et seq.* ..............................................................................................8, 9

12 C.F.R. § 226.4 ..........................................................................................................10

12 C.F.R. § 226.18(c) ......................................................................................................9

12 C.F.R. § 226.18, *et seq.* ..........................................................................................9

12 C.F.R. § 226.21 .........................................................................................................10

12 C.F.R. § 226.23(a)(3) n.48 .........................................................................................8

12 C.F.R. §§ 226.32(c) and (d) .......................................................................................8

12 C.F.R. § 226.35(b)(2) .................................................................................................8

12 C.F.R. § 545.2 ...........................................................................................................21

12 C.F.R. § 560 ..............................................................................................................20

12 C.F.R. § 560.2(a) .......................................................................................................21

12 C.F.R. § 560.2(b) ..................................................................................................21, 22

12 C.F.R. § 560.2(b)(4) ..................................................................................................22

12 C.F.R. § 560.2(b)(7) ..................................................................................................22

12 C.F.R. § 560.2(b)(10) ................................................................................................22

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

**OTHER AUTHORITIES**

5 Witkin, *Cal. Procedure* (5th ed. 2008) ........................................................................16

9 Witkin, *Summary of California Law*, Corporations (10th ed. 2005) ...........................21

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2

**1.    INTRODUCTION**

3      This case arises from a 2004 loan made by Wells Fargo's predecessor (World Savings

4  Bank, FSB) to plaintiff, which was secured by a deed of trust to real property.  Plaintiff defaulted

5  on the loan in October 2011 and the lender has initiated foreclosure of the pledged property.

6  Plaintiff claims Wells Fargo violated a number of Truth In Lending Act ("TILA") regulations,

7  the Federal Fair Debt Collection Practices Act and the Real Estate Settlement Procedures Act.

8  Plaintiff additionally alleges the loan was securitized and, therefore, Wells Fargo does not have

9  standing to enforce the terms of the note and/or deed of trust.

10      The complaint suffers from a number of fatal defects.  First, plaintiff lacks standing to

11  pursue these claims as he obtained a discharge in bankruptcy.  The discharge means plaintiff has

12  no standing to assert his pre-petition claims.  All the claims asserted in the complaint would

13  belong to the Chapter 7 trustee, not plaintiff.  Plaintiff's claims are also time barred, fail because

14  he has not tendered his debt and are fail to state a cause of action upon which relief may be

15  granted.  In addition, the state law claims are preempted by the Home Owners Loan Act

16  ("HOLA").

17      Plaintiff cannot amend around these systemic and individual defects.  The complaint

18  should be dismissed with prejudice.

19      **2.    SUMMARY OF COMPLAINT AND JUDICIALLY NOTICEABLE FACTS.**

20  **A.    Plaintiff's Loan.**

21      On or around May 2004, plaintiff obtained a $416,000.00 loan from Wells Fargo's

22  predecessor, World Savings Bank, FSB.  The terms of the loan were memorialized by a

23  promissory note and secured by a deed of trust against 1871 Ridgeland Circle, Danville

24  California 94526. (Complaint ("Compl.") ¶¶1, 16-17, 20; Request for Judicial Notice ("RJN")

25  Exh. A [Promissory Note], B [Recorded Deed of Trust]).  The deed of trust named Golden West

26  Savings Association Service Co. ("Golden West") as the original trustee.  (*See* RJN Exh. B at pg.

27  2).

28  / / /

Anglin Flewelling Rasmussen Campbell & Trytten llp

1    In 2008, World Savings changed its name to Wachovia Mortgage, FSB. (RJN Exhs. C,

2    D). The entity was the same, it merely changed its name. Whether called World Savings or

3    Wachovia Mortgage, the entity was a Federal Savings Bank regulated by the Office of Thrift

4    Supervision. (RJN Exh. E). Then, in November, 2009, Wells Fargo Bank, N.A. became the

5    successor in interest to Wachovia Mortgage by way of merger. (RJN Exh. F; *see also* Exh. G).

6    Throughout this process, the Note holder remained the same and the Loan was not assigned,

7    securitized or sold. Thus, the Notice of Default indicates that the debt is owed to "Wells Fargo

8    Bank, N.A., successor by merger to Wachovia Mortgage, FSB, formerly known as World

9    Savings Bank, FSB". (RJN Exh. H).

10   **B.    The Foreclosure and Plaintiff's Bankruptcy Discharge.**

11   Plaintiff ceased making payments in around October 2011 and so, on March 21, 2012,

12   Cal-Western Reconveyance Corporation ("Cal-Western") acting as agent, had a notice of default

13   recorded. (RJN Exh. H [Notice of Default and Election to Sell]). Plaintiff was $13,137.30 in

14   arrears on his loan at that time. (*Id.*). Two months later, Cal-Western was substituted as trustee

15   under the deed of trust. (RJN Exh. I [Substitution of Trustee]). A Notice of Trustee Sale was

16   recorded July 10, 2012, noticing a sale of July 30, 2012. (RJN Exh. J [Notice of Trustee's Sale]).

17   Just prior to the scheduled trustee sale, on July 27, 2012, plaintiff filed for bankruptcy

18   protection under Chapter 7. (RJN Exh. K). Plaintiff's bankruptcy schedules did list Wells

19   Fargo's debt as a liability of the estate, but did not list plaintiff's claims as assets. (*See* RJN,

20   Exh. K at 49 and 52). Plaintiff obtained a discharge under Chapter 7 on October 30, 2012. (RJN

21   Exhs. L, M).

22   **C.    Plaintiff's Claims Against Wells Fargo.**

23   The theory behind the first eleven claims for relief is that Wells Fargo failed to provide

24   plaintiff with required disclosures under TILA and RESPA. (*See* Compl. ¶¶80-129). Plaintiff

25   seeks rescission of the note and deed of trust (*see* Compl. at 20, Demand ¶¶5, 8) and damages

26   (*id.* ¶¶1, 7, 11-12) as a result of these purported TILA violations.

27   Plaintiff's remaining claims, and the subject of five pages of allegations, involve the

28   alleged securitization of his loan and challenges Wells Fargo's right to foreclose. (*See* Compl.

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1    ¶¶22-79).  He engages in a misguided discussion of securitization and pooling services

2    agreements (neither of which are applicable to plaintiff's loan which was not securitized or

3    pooled) and says that "[a]ll defendants lack standing to enforce the Note."  (Compl. ¶50; *see also*

4    ¶¶36, 55-56, 66, ¶¶133 & 135 [13th-FDCPA], ¶143 [14th-RESPA], ¶148 [15th-slander of title],

5    ¶160 16th-fraud], ¶¶167 & 169 [17th-negligent supervision], ¶178 [18th- fraud]).  This claim is

6    repeated in each remaining claim for relief; either defendants have no standing to conduct the

7    foreclosure or defendants falsely represent they are the true owner of the Note.  (*Id.*).

8         For the reasons briefed below, each of plaintiff's claims fail, and the complaint should be

9    dismissed without leave to amend.

10   **3.    PLAINTIFF CANNOT PREVAIL ON THESE CLAIMS AS THEY BELONG TO**

11         **THE BANKRUPTCY TRUSTEE AND WERE NOT ABANDONED.**

12   **A.    Plaintiff Lacks Standing To Pursue Any Of His Claims.**

13        "A trustee in bankruptcy is the representative of the estate."  *Bostanian v. Liberty Sav.*

14   *Bank*, 52 Cal. App. 4th 1075, 1080-1081 (1997) (*citing* 11 U.S.C. § 323(a)).  "The trustee

15   controls the bankruptcy estate, therefore, she or he is the real party in interest with standing to

16   sue."  *Id.*

17        The property of the bankruptcy estate is defined in section 541 to include "'all legal or

18   equitable interests of the debtor in property as of the commencement of the case.'"  *Sierra*

19   *Switchboard Co. v. Westinghouse Elec. Corp.*, 789 F.2d 705, 707 (9th Cir. 1986) (*quoting* 11

20   U.S.C. § 541(a)(1)).  "The scope of section 541 is broad, and includes causes of action."  *Id*.

21   (citation omitted).  "The scope of section 541 is broad, and includes causes of action."  *Id*.

22   (citation omitted).  A cause of action becomes property of the bankruptcy estate as of the petition

23   date, even though it was not listed in the schedules, and the property that is neither abandoned

24   nor administered remains property of the estate even after the case is closed.  *In re Lopez,* 283

25   B.R. 22, 28 (9th Cir. BAP 2002)).

26        Thus, "a chapter 7 debtor may not prosecute on his or her own a cause of action

27   belonging to the bankruptcy estate unless the claim has been abandoned by the trustee."  *Id*.

28   (*citing Griffin v. Allstate Ins. Co.*, 920 F. Supp. 127, 130 (C.D. Cal. 1996)).  As stated by the

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1    court in *Sherman v. Wells Fargo Bank, N.A.*, 2011 U.S. Dist. LEXIS 51641 (E.D. Cal May 12,

2    2011):

> Because the bankruptcy trustee has the exclusive right to sue on behalf of the
> estate, the debtors lose the capacity to sue in their own name unless the trustee
> abandons the claim.  [Citations.].  Although a trustee may abandon 'worthless or
> low-value assets, including legal claims,' there is no abandonment without an
> affirmative act.  [Citations.].  Assets that are neither abandoned nor administered
> remain the property of the estate even after the case is closed. *In re Lopez*, 283
> B.R. 22, 28 (9th Cir. B.A.P. 2002).

8    *Sherman*, 2011 U.S. Dist. LEXIS 51641 at *11 (Plaintiffs' lacked standing to bring a claim

9    which accrued when Wells Fargo refused to negotiate with them further -- before they filed the

10   bankruptcy petition).

11        All of Plaintiff's claims are based on the origination of the Loan – either the lender failed

12   to provide required disclosures (Compl. ¶¶80-129) or the purported securitization was flawed

13   (¶¶22-79), ultimately extinguishing the debt altogether in October 2011 when he defaulted on the

14   Loan (¶44; *see* RJN Exh.H).  The Loan originated in May 2004.  According to the complaint, the

15   securitization process commenced immediately after the May 2004 closing of the Loan.  (¶22;

16   RJN Exh A).  Moreover, the Loan was in default and a Notice of Default had been recorded

17   when plaintiff filed the bankruptcy.  (*See* RJN Exh. H).  Each claim arose before plaintiff filed

18   his bankruptcy petition in July 2012 (*See* RJN Exh. K) and therefore, belong to the bankruptcy

19   estate.  The trustee is the only party with standing to assert the claims now.  Plaintiff lacks

20   standing to bring this action.

21   **B.      Plaintiff Is Judicially Estopped To Assert His Claims Because He Did Not Disclose**

22   **Them In His Bankruptcy Schedules.**

23        The doctrine of judicial estoppel precludes a party from gaining an advantage by taking

24   one position, and then seeking a second advantage by taking an incompatible position.  *Blix St.*

25   *Records, Inc. v. Cassidy*, 191 Cal. App. 4th 39, 47 (2010).  Judicial estoppel applies when (1) the

26   same party has taken two positions; (2) the positions were taken in judicial proceedings; (3) the

27   party was successful in asserting the first position (i.e., the tribunal adopted the position or

28   accepted it as true); (4) the two positions are inconsistent; and (5) the first position was not taken

1   as a result of ignorance, fraud, or mistake. *Id.*  The court invokes judicial estoppel not only to

2   prevent a party from gaining an advantage by taking inconsistent positions, but also because of

3   "general consideration[s] of the orderly administration of justice and regard for the dignity of

4   judicial proceedings," and to "protect against a litigant playing fast and loose with the courts."

5   *Russell v. Rolfs,* 893 F.2d 1033, 1037 (9th Cir. 1990).

6       *Hamilton v. Greenwich Investors XXCI, LLC*, 195 Cal. App. 4th 1602 (2011), held that a

7   borrower was barred from asserting claims against its lender under the doctrines of equitable and

8   judicial estoppel because the borrower had failed to disclose the existence of those claims in a

9   previous bankruptcy proceeding:  "The result of a failure to disclose [any litigation likely to arise

10  in a non-bankruptcy context] triggers application of the doctrine of estoppel, which "applies to

11  preclude a party from assuming a position in a legal proceeding inconsistent with one previously

12  asserted", also barred the plaintiff's lender liability claim." *Id.* at 1610.

13      The Court continued:  "courts that have considered the effect of a debtor's failure to

14  disclose a potential lender-liability lawsuit in a bankruptcy proceeding have universally held that

15  the debtor is equitably estopped, judicially estopped or barred by res judicata from bringing the

16  action after confirmation of the bankruptcy reorganization plan." *Id.*

17      In *Conrad v. Bank of America Nat. Bank & Sav. Assoc.,* 45 Cal. App. 4th 133, 148

18  (1996), the court found that equitable and judicial estoppel barred a lender liability action where

19  the plaintiff failed to disclose such claims in an earlier Chapter 11 bankruptcy.  *Id.* (*overruled on

20  unrelated grounds, Lovejoy v. AT&T Corp.*, 92 Cal. App. 4th 85, 93-94 (2001)).  The court

21  recognized the "well-settled" law that where a debtor in bankruptcy fails to identify or list a

22  claim in the bankruptcy, such claim is barred in any post-proceeding actions.  *Id.* at 148[1];

23  *Hamilton v. State Farm Fire & Cas. Co,* 270 F.3d 778, 784 (9th Cir. 2001) (judicial estoppel is

24  imposed when the debtor "has knowledge of enough facts to know that a potential cause of

25

26  [1] A bankruptcy petitioner must include in the bankruptcy petition all assets and liabilities, current income and expenses, and a statement of financial affairs.  Fed. R. Bankr. P. 1007(b)(1); *see also*
27  11 U.S.C. §521(1) ("[t]he debtor shall file a list of creditors, and unless the court orders otherwise, a schedule of assets and liabilities, a schedule *of* current income and current
28  expenditures, and a statement of the debtor's financial affairs.").

action exists during the pendency of the bankruptcy, but fails to amend his schedules or disclosure statements to identify the cause of action as a contingent asset.").  The rationale for this rule is that:

> [T]he integrity of the bankruptcy system depends on full and honest disclosure by debtors of all of their assets. The courts will not permit a debtor to obtain relief from the bankruptcy court by representing that no claims exist and then subsequently to assert those claims for his own benefit in a separate proceeding. The interests of both the creditors, who plan their actions in the bankruptcy proceeding on the basis of information supplied in the disclosure statements, and the bankruptcy court, which must decide whether to approve the plan of reorganization on the same basis, are impaired when the disclosure provided by the debtor is incomplete.

*Hamilton*, 270 F.3d at 782, 785.

The elements of judicial estoppel are all met here.  First, the same parties are involved. Second, the bankruptcy was clearly a prior judicial proceeding.  Third, plaintiff was successful in asserting the first position, as he received a discharge from the bankruptcy court in October 2012. (RJN Exh. L).  Fourth, the two positions taken are inconsistent.  On 'Schedule B' of his chapter 7 bankruptcy petition, plaintiff represented that he had no contingent and unliquidated claims of any nature.  (*Id.* at 52).  Yet these claims were in existence when plaintiff filed the bankruptcy.  Plaintiff failed to disclose this action, and the claims against Wells Fargo, anywhere in his petition.  Moreover, he failed to amend the petition while it was pending in the bankruptcy court to add any claims based on the alleged wrongdoing.  (RJN Exh. L).  Fifth, the concealment of the claim was not due to ignorance or mistake or fraud by someone other than plaintiff.  By the time plaintiff filed his bankruptcy petition in July 2012, plaintiff was already in default on his loan.  (RJN Exh. H, K).  The Notice of Default was recorded in March 2012, shortly before the bankruptcy petition filed in July 2012.  (*Id.*).

On October 30, 2012, the bankruptcy court's discharge of plaintiff's debt constituted acceptance of representations made in his bankruptcy petition. *See Hamilton*, 270 F.3d at 784. Having failed to list the claims and having received the benefit of a discharge, plaintiff is judicially and equitably estopped from pursuing any of those claims in this action.

Plaintiff had an affirmative duty to disclose *all* of his assets in his bankruptcy schedules,

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1   and he failed to do so.  The bankruptcy court and his creditors certainly would have been

2   interested in a lawsuit that would eliminate an over $416,000.00 original obligation and remove a

3   lien on his largest asset.  Having materially misled the bankruptcy court and his creditors, and

4   having obtained a Chapter 7 discharge, plaintiff is judicially estopped from asserting all of his

5   claims now.

6        **4.      PLAINTIFF'S LACK OF TENDER IS A BAR TO EACH CLAIM SEEKING**

7              **EQUITABLE RELIEF AND TO RESCIND OR REFORM THE CONTRACT.**

8        Much of the complaint seeks equitable relief, including rescission of the note and deed of

9   trust (*see* Compl. at 20, Demand ¶¶5, 8).  However, "[u] nless and until [he] properly allege[s] a

10  willingness to tender, [plaintiff] cannot seek rescission of the loan or deed of trust." *Perriguerra*

11  *v. Meridas Capital, Inc.,* 2010 U.S. Dist. LEXIS 8082 at *10-11 (N.D. Cal. Feb 1, 2010);

12  *Gaffney v. Downey Sav. & Loan*, 200 Cal. App. 3d 1154, 1165 (1988) ("'[I]t is a debtor's

13  responsibility to make an unambiguous tender of the entire amount due or else suffer the

14  consequence that the tender is of no effect.").  Indeed, if plaintiff wishes to reform the contract,

15  in effect rescinding the agreement, he must tender the entire loan proceeds, over $400,000.00.

16  *Touli v. Santa Cruz County Title Co.*, 20 Cal. App. 2d 495, 499-500 (1937) (rescission only

17  available once a tender has been made).  "The rules which govern tenders are strict and strictly

18  applied." *Nguyen v. Calhoun*, 105 Cal. App. 4th 428, 445-446 (2003).

19       Moreover, it is well settled that a borrower may not quiet title to eliminate a deed of trust

20  without tendering the debt owed.  *Abdallah v. United Savings Bank*, 43 Cal. App. 4th 1101, 1109

21  (1996) (equity would not set aside trustee's sale under deed of trust in favor of former owner

22  because no tender was made nor ability to pay the indebtedness shown); *FPCI Re-Hab 01 v. E &*

23  *G Invs*., 207 Cal. App. 3d 1018, 1021 (1989); *Karlsen v. American Savings & Loan Ass'n*, 15

24  Cal. App. 3d 112, 117 (1971); *Sipe v. McKenna*, 88 Cal. App. 2d 1001, 1006 (1948) (full tender

25  is a precondition to injunctive relief and quiet title).

26       Plaintiff borrowed $416,000.00.  (RJN Exh. A; Compl. ¶17).  If he wishes to rescind or

27  reform his loan agreements, he was required to tender the full amount of the loan proceeds.  In

28  order to prevail on a quiet title claim, or to eliminate the deed of trust, he must tender his

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1    outstanding debt.  According to the notice of trustee sale, as of July 2012, the debt stood at

2    $487,244.71.  (RJN Exh. J.)  Yet plaintiff has failed to tender any of his debt.  Indeed, his 2012

3    bankruptcy and his failure to make payments since October 2011 suggest his inability to do so.

4    *See Anaya v. Advisors Lending Group*, 2009 U.S. Dist. LEXIS 68373, *27 (E.D. Cal. Aug. 3,

5    2009) (a failure to make monthly payments reflects an inability to tender the amount owed).

6          As plaintiff fails to tender his debt, he cannot prevail on any claim to rescind or reform

7    the loan agreement.

8    **5.    PLAINTIFF'S CLAIMS FOR RELIEF BASED ON TILA VIOLATIONS**

9           **(15 USC § 1601 ET SEQ., 15 USC § 1635 AND 12 C.F.R. 226) SUFFER**

10          **FROM A NUMBER OF FATAL DEFECTS (CLAIMS 1 THROUGH 11).**

11         The Truth In Lending Act ("TILA") was designed to protect borrowers from the

12   "uninformed use of credit," 15 U.S.C. § 1601(a), and "to assure a meaningful disclosure of credit

13   terms so that the consumer will be able to compare more readily the various credit terms

14   available to him and avoid the uninformed use of credit, and to protect the consumer against

15   inaccurate and unfair credit billing and credit card practices."  *Hauk v. JP Morgan Chase Bank*

16   *USA*, 552 F.3d 1114, 1118 (9th Cir. 2009) (quoting 15 U.S.C. § 1601).  To that end, TILA grants

17   borrowers the right to rescind certain loans if the creditor fails to provide "material disclosures"

18   or written notice of the right to cancel the transaction. *Qureshi v. Countrywide Home Loans, Inc*.,

19   2010 U.S. Dist. Lexis 21843, *14-16 (N.D. Cal. Mar. 10, 2010); 15 U.S.C. § 1635(a).

20         Regulation Z, promulgated by the Federal Reserve Board, explains that "[t]he term

21   'material disclosures' means the required disclosures of the annual percentage rate, the finance

22   charge, the amount financed, the total payments, the payment schedule, and the disclosures and

23   limitations referred to in §§ 226.32(c) and (d) and 226.35(b)(2)." *Qureshi*, 2010 U.S. Dist. Lexis

24   21843 at *15; 12 C.F.R. § 226.23(a)(3) n.48.

25         Plaintiff brings no less than eleven[2] claims for relief based on purported TILA disclosure

26   violations:

27

28   [2] Plaintiff's "Counts" for relief are numbered I through V and VII through XVIII; there is no
     "Count VI" identified in the complaint.

1    • Plaintiff's first claim for relief alleges that the lender "failed to make the required
2        disclosure" of the "historical index values" in violation of 12 C.F.R. 226 et seq. (Compl.
3        ¶¶84, 86);

4    • Plaintiff's second claim for relief alleges that "[t]he present case credit transaction is
5        governed by the disclosure requirements of Title 15 USC § 1635" (¶88) and that
6        defendants "failed…to meet the disclosure requirements of Revised Article 9 of the UCC,
7        by not providing the notice required or filing it before, during or immediately after the
8        settlement, as mandated by the Article." (¶90);

9    • Plaintiff's third claim for relief alleges that "[t]he disclosures made in relation to the
10       consumer credit transaction were not presented in the manner required by law" and that
11       "the disclosures were not grouped together and were not segregated from everything
12       else…" (¶95);

13   • Plaintiff's fourth claim for relief alleges that "the right to rescind or cancel settlement
14       document was unsigned by both parties, was not disclosed or give,, as required by Title
15       12 Code of Federal Regulation, Section 226.18 et seq." (¶99);

16   • Plaintiff's fifth claim for relief alleges that "[t]here was no separate form to cancel, as
17       required by title 12 Code of Federal regulations, Section 226 et seq." (¶103);

18   • Plaintiff's seventh claim for relief alleges that "[t]he interest disclosures were not given
19       together with other information within the documents." (¶107);

20   • Plaintiff's eighth claim for relief alleges that plaintiff did not receive a "good faith
21       estimate copy" as "required by 12 Code of Federal Regulations, Section 226.18(c) and 12
22       USC § 2601 et seq." (¶111);

23   • Plaintiff's ninth claim for relief alleges that plaintiff did not receive a "statement that the
24       consumer should refer to the appropriate contract documents and clause for information
25       about nonpayment, default, right to accelerate…" (¶115);

26   • Plaintiff's tenth claim for relief alleges that "defendant has continued and continues to
27       violate the Consumer Credit Protection Act, Title 15 United States Code, Section 1601 et
28       seq., and Regulation Z…by failing to make the disclosures required by the Act and

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1    Regulation Z….”  (¶119);

2    • Plaintiff's eleventh claim for relief alleges that defendant "failed to disclose" as required

3    by 12 C.F.R. § 226.4, "the amount of balance to which the rate was applied and an

4    explanation of how that balance was determined" (¶123) and/or "proper acceleration

5    notice" (¶125);

6    • Plaintiff's twelfth claim for relief alleges that defendants failed to disclose "itemized and

7    identified by type" other charges "debited to the account during the acceleration period"

8    as required by 12 C.F.R. § 226.21  (¶127).

9    Plaintiff seeks rescission of the note and deed of trust (*see* Compl. at 20, Demand ¶¶5, 8)

10   and damages (*id.* ¶¶1, 7, 11-12) as a result of these purported TILA violations.  Every TILA

11   claim fails for the reasons briefed below.

12   **A.    The Claim For Rescission Is Barred By The Three Year Statute Of Repose.**

13   Any claim for rescission under TILA expired, at the latest, three years after the date the

14   loan was consummated; thereafter the Court lacks jurisdiction.  15 U.S.C. § 1635(f); *Beach v.*

15   *Ocwen Federal Bank*, 523 U.S. 410, 412, 118 S. Ct. 1408 (1998) ("section 1635(f) completely

16   extinguishes the right of rescission at the end of the 3-year period"); *Miguel v. Country Funding*

17   *Corp.*, 309 F.2d 1161, 1164 (9th Cir. 2002), cert. denied, 539 U.S. 927 (2003) ("§ 1635(f) is a

18   statute of repose, depriving the courts of subject matter jurisdiction when a § 1635 claim is

19   brought outside the three-year limitation period.").

20   This statute cannot be tolled.  As set forth by *Gens v. Wachovia Mortgage Corp.*, 2011

21   U.S. Dist. Lexis 33 (N.D. Cal. Jan. 3, 2011):

22   Similarly, Plaintiff's TILA rescission claim is time-barred by the relevant three-
     year statute of limitations.  Unlike a TILA damages claim under §1640(e),
23   however, a TILA rescission claim is not subject to equitable tolling. See 15
     U.S.C. § 1635(f) (the 'right of rescission shall expire three years after the date of
24   consummation of the transaction or upon the sale of the property, whichever
     occurs first, notwithstanding the fact that the information and forms required
25   under this section or any other disclosures  required under this part have not been
     delivered to the obligor.' The Ninth Circuit has stated that '§1635 is a statute of
26   repose, depriving the courts of subject matter jurisdiction when a §1635 claim is
     brought outside the three year limitations period.' *See Miguel v. Country Funding*
27   *Corp.*, 309 F.3d 1161, 1164 (9th Cir. 2002).

28   *Gens,* 2011 U.S. Dist. Lexis at *15, 16.

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1    The loan was consummated and the deed of trust was recorded in May 2004.  (*See* RJN

2    Exhs. A, B; Compl. ¶¶16-17).  Accordingly, the three-year statute to rescind expired, at the

3    latest, in May 2007.

4    **B.      Any Claim For Damages Under TILA Is Barred By A One Year Limitation Period.**

5          Damage claims arising from TILA disclosures are governed by a one-year statute of

6    limitations, that runs from the time the loan transaction is consummated.  15 U.S.C. § 1640(e);

7    *King v. State of California*, 784 F.2d 910, 915 (9th Cir. 1986); *see also Meyer v. Ameriquest*

8    *Mortgage Co.*, 342 F.3d 899, 902 (9th Cir. 2003) (failure to make required disclosures under

9    TILA occurs when loan documents were signed).  Here, plaintiff's loan documents are dated in

10   May 2004 and plaintiff's notarized signature was placed on the deed of trust on May 18, 2004.

11   (RJN Exh. B).  Accordingly, any claim for damages based on a purported TILA violation

12   expired, at the latest, on May 18, 2005.

13   6.      **PLAINTIFF CANNOT STATE A CLAIM UNDER THE FAIR DEBT**

14              **COLLECTION PRACTICES ACT ("FDCPA") (13TH).**

15         The thirteenth claim alleges that defendants violated the FDCPA, which provides that a

16   "debt collector" shall cease collection until it obtains verification of information requested by the

17   debtor.  15 U.S.C. § 1692g(b).  Plaintiffs attempt to state a claim under this statute by alleging

18   that defendants failed to communicate that the debt was disputed (Compl. ¶134) and falsely

19   reported that they were the "lawful owners in interest of the debt" (¶135).

20         The claim, however, fails as a matter of law because Wells Fargo is exempt from the

21   provisions of the FDCPA.  As the "originator" of the debt, Wells Fargo is not a "debt collector"

22   under the FDCPA.  15 U.S.C. § 1692a(6)(F)(ii); *Thomasson v. Bank One*, 137 F. Supp. 2d

23   721,724 (E.D. La. 2001).  The definition of "debt collector" does not include lenders.  *See e.g.*,

24   *Jelsing v. MIT Lending,* 2010 U.S Dist. LEXIS 68515, *14-15 (S.D. Cal. July 9, 2010) ("Wells

25   Fargo is a mortgage servicer, and '[a] mortgage servicing company is not a debt collector within

26   the meaning of the FDCPA.'")*; Valdez v. America's Wholesale Lender*, 2009 U.S. Dist. LEXIS

27   118241, *25-26 (N.D. Cal. Dec. 18, 2009, Fogel, J.) ("defendant mortgage company's efforts to

28   collect its own debt does not make defendant a 'debt collector' under the FDCPA"); *Wadlington*

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1   *v. Credit Acceptance Corp.*, 76 F.3d 103, 106 (6th Cir. 1996).

2        In addition, assuming for the sake of argument that Wells Fargo qualified as a "debt

3   collector" under the FDCPA, the complaint still fails to plead facts alleging a violation.  Under

4   Section 1692g(b), the consumer must dispute the debt in a written notice delivered within thirty

5   days after receiving the initial communication from the "debt collector."  Plaintiffs do not allege

6   a timely written dispute of the debt.

7        In light of the foregoing, this claim is defective and incapable of amendment.

8    **7.    PLAINTIFF'S FOURTEENTH CLAIM FOR RESPA VIOLATIONS (12 U.S.C.**

9         **§2601, ET SEQ.) IS TIME BARRED AND OTHERWISE NOT ACTIONABLE.**

10       Plaintiff's fourteenth claim for relief alleges that defendant "failed to timely inform

11  Plaintiff of any alleged Appointments, Assignments and transfers" and failed to "timely notify

12  Plaintiff of any change in servicers" of the loan "in violation of RESPA."  (*See* Compl. ¶¶143,

13  144).  Once again, plaintiff seeks rescission of the note and deed of trust, as well as damages for

14  these purported RESPA violations.  (*See* Compl. at 20, Demand ¶¶5, 8 [rescission] and ¶¶1, 7,

15  11-12 [damages]).

16  **A.    There Is No Right To Rescission Under RESPA**

17       Rescission is not an available remedy under RESPA.  *Fabia v. First St. Fin., Inc.*, 2011

18  U.S. Dist. LEXIS 29382 , *3 (C.D. Cal. Mar. 3, 2011) ("there is no claim for rescission under

19  RESPA. See 12 U.S.C. §§ 2605(f) & 2607(d).").

20  **B.    Plaintiff's Claims For Damages Are Time-Barred**

21       Damage claims under RESPA are subject to a one year statute of limitations. 12 U.S.C.

22  §2614.  "The RESPA statute of limitations generally begins to run no later than the date of actual

23  disclosure of actions constituting an alleged violation.  Typically, in cases involving loan

24  documents, the statute begins to run when the documents are signed unless evidence is presented

25  to override this assumption."  *Metcalf v. Drexel Lending Group*, 2008 U.S. Dist. LEXIS 87420

26  *9 (S.D. Cal. 2008).

27       Here, plaintiff executed his loan documents in May 2004. (RJN Exhs. A, B; Compl.

28  ¶¶16-17).  Accordingly, any claim for damages stemming from alleged RESPA violations

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1   expired in May 2005, at the latest.

2   **8.     THE REMAINING CLAIMS CHALLENGING WELLS FARGO'S STANDING TO**

3   **FORECLOSE ARE BASED ON ALLEGATIONS WHICH ARE FACTUALLY**

4   **INCORRECT AND FAIL AS A MATTER OF LAW.**

5   **A.     Claims Based On Securitization Have Been Universally Rejected.**

6           In connection with his claims based on the alleged securitization of his loan, plaintiff

7   asserts that at the time he entered his Loan, it was "immediately sold and securitized … and

8   placed into a Pooling and Serving Agreement' ["PSA"]."  (Compl. ¶22).  According to plaintiff,

9   because of the securitization process (*see* ¶¶22-49), the attempt by Wells Fargo to claim

10  ownership of the note is fraudulent (¶55).  Thus, there is no perfection of title (¶56) and the "note

11  itself is, at best, unsecured rights to payment" (¶77).

12          These same securitization arguments, however, have been repeatedly rejected by the

13  courts in this jurisdiction.  *See, e.g., Hafiz v. Greenpoint Mortg. Funding, Inc*., 652 F. Supp. 2d

14  1039, 1043 (N.D. Cal. Jul 16, 2009); *Mulato v. WMC Mortg. Corp.,* 2010 U.S. Dist. LEXIS

15  47100, at *2 (N.D. Cal. Apr. 16, 2010).  Whether the loans were in fact securitized, the power of

16  sale pursuant to the deed of trust is not lost if a loan is securitized, and the lender, beneficiary,

17  trustee, or any of their agents can initiate non-judicial foreclosure proceedings upon the

18  borrower's default.  *See Christiansen v. Wells Fargo Bank*, 2012 U.S. Dist. LEXIS 142070, 8-9

19  (N.D. Cal. Oct. 1, 2012) (Ryu, J.).  In *Christiansen,* the plaintiffs alleged that, as a result of

20  securitization of their loan by World Savings (the originating lender), Wells Fargo never

21  succeeded to a beneficial interest in their deed of trust.  Thus, they asserted, Wells Fargo had no

22  right to foreclose.  The court held:

23          This theory fails as a matter of law.  As recognized by numerous courts, a
            defendant bank does not invalidate its ability to enforce the terms of a deed of
24          trust if the loan is assigned to a trust pool . . . .

25  *Id*. at *9-10 (*citing*, *e.g.*, *Wadhwa v. Aurora Loan Servs., LLC,* 2011 U.S. Dist. LEXIS 73949

26  (E.D. Cal. July 8, 2011) and *Hafiz,* 652 F. Supp. 2d at 1043).  "Therefore, Plaintiffs cannot

27  maintain claims based upon the theory that the alleged securitization of Plaintiffs' loan divested

28  Wells Fargo of its interest in the note, and thus its standing to initiate foreclosure proceedings."

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1    *Id*. at *10-11; *see also Logvinov v. Wells Fargo Bank, N.A.*, 2011 U.S. Dist. LEXIS 141988, *9

2    (N.D. Cal. Dec. 9, 2011) ("The argument that parties lose their interest in a loan when it is

3    assigned to a trust pool or REMIC has been rejected by numerous courts.")   (same).

4          In *Lane*, the court rejected the borrower's contention that "none of the defendants have

5    the authority to foreclose because their loan was packaged and resold in the secondary market,

6    where it was put into a trust pool and securitized."   *Lane v. Vitek Real Estate Indus. Group*, 713

7    F. Supp. 2d 1092, 1099 (E.D. Cal. May 11, 2010).  The court explained:

8

9          The argument that parties lose their interest in a loan when it is assigned to a trust
          pool has also been rejected by many district courts.  See e.g., *Benham*, 2009 U.S.
10         Dist. LEXIS 91287, 2009 WL 2880232, at *3 ("Other courts . . . have summarily
          rejected the argument that companies like MERS lose their power of sale pursuant
          to the deed of trust when the original promissory note is assigned to a trust
11         pool."); *Hafiz v. Greenpoint Mortg. Funding, Inc.*, 652 F. Supp. 2d 1039, 2009
          WL 2137393, at *2 (N.D. Cal. 2009).  Accordingly, the court must grant CMI and
12         MERS's motion to dismiss plaintiffs' wrongful foreclosure claim.

13   *Id*. at 1099; *see also Roque v. Suntrust Mortg., Inc.*, 2010 U.S. Dist. LEXIS 11546, *8 (N.D. Cal.

14   Feb. 9, 2010) ("Plaintiff's final attempt to state a claim for declaratory relief rests on the tenuous

15   assertion that the beneficiary of record of the deed of trust does not have standing to foreclose

16   upon the property because the [Pooling & Servicing Agreement] somehow cancelled the power

17   of sale contained in the deed of trust due to the unknown chain of ownership. . . . Uniformly

18   among courts, production of the note is not required to proceed in foreclosure and similarly no

19   production of any chain of ownership is required."); *Marty v. Wells Fargo Bank*, 2011 U.S. Dist.

20   LEXIS 29686, *20 (E.D. Cal. Mar. 22, 2011) (Court dismissed with prejudice plaintiff's claim

21   that securitization was an improper conversion and rendered the deed of trust invalid stating "this

22   claim is frivolous, has no support in the law, and should be dismissed with prejudice." ).  The

23   same result is warranted in the instant action.

24         The same result is warranted in the instant action.  Because the defect arises from an

25   untenable legal argument rather than insufficiency of the facts alleged, leave to amend would be

26   futile.

27   **B.**     **Wells Fargo Has Standing To Enforce The Deed Of Trust.**

28         Plaintiff asserts that "[a]ll Defendants lack standing to enforce the Note" (Compl. ¶50),

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1   "there is no perfection of title" (¶56), and there is no evidence that Wells Fargo is the "holder in

2   due course of the Note" (¶66).  According to plaintiff, the Loan was flawed at its origination in

3   2004 in that Wells Fargo was not named as beneficiary under the deed of trust.  (¶67).  Thus,

4   Wells Fargo never "had any right to collect on the Note or enforce the LOAN."  (¶72).

5          Judicially noticeable documents demonstrate that plaintiff's 2004 loan was not sold to

6   another entity.  The original lender (World Savings) simply changed its name and then merged

7   into Wells Fargo Bank, N.A.  For example, plaintiffs signed the deed of trust in May 2004. (RJN

8   Exh. B, pg. 15).  This deed of trust denotes "World Savings Bank, FSB, its Successors and/or

9   Assignees" as the "lender/trustee." (RJN Exh. B, pg. 1).  The notice of default make the

10  respective capacities of the parties crystal clear, showing the transition from "World Savings

11  Bank, FSB" to "Wachovia Mortgage, FSB," and the subsequent merger into "Wells Fargo Bank,

12  N.A." (RJN, Exh. H).  Public documents issued by the OTS, the OCC, and the FDIC corroborate

13  this corporate transition (RJN Exhs. C through G).

14  Indeed, ample district court authority acknowledges this name change and merger.  *See e.g.*,

15  *DeLeon v Wells Fargo Bank, N.A.,* 729 F. Supp. 2d 1119, 1121 (N.D. Cal. June 9, 2010) (court

16  found that World Savings Bank, FSB became Wachovia Mortgage, FSB, and then merged into

17  Wells Fargo Bank, N.A.); *Wolf v. Wells Fargo Bank, N.A*., 2011 U.S. Dist. LEXIS 117835, *3

18  (N.D. Cal. Oct. 12, 2011) (Alsup, J.) ("World Savings changed its name to Wachovia Mortgage

19  in late 2007. Wachovia Mortgage then became part of Wells Fargo Bank in 2009 and is the

20  current holder of the note …"); *Nguyen Nguyen v. Wells Fargo Bank, N.A*., 749 F. Supp. 2d

21  1022, 1031 (N.D. Cal. Oct. 25, 2010 (La Porte, J.) (same).

22          Accordingly, plaintiff's securitization-based claims should be dismissed with prejudice.

23  **C.      No Assignment of the Deed of Trust Was Necessary.**

24          Plaintiff also seemingly contends that the lack of assignment of the deed of trust renders

25  the Note and deed of trust invalid.  He claims there was "no evidence that [Wells Fargo]

26  endorsed the Note" or "that the [Loan] was properly assigned" to the "purported holder-in-due-

27  course [Wells Fargo]."  (Compl. ¶23).  As such, Wells Fargo did not have any right to collect on

28  the note.  (¶72).

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1    Plaintiff's allegations do not support any of his claims because no assignments were

2    necessary.  As discussed above, plaintiff's original lender, World Savings, merely changed its

3    name to "Wachovia Mortgage, FSB", then merged into "Wells Fargo Bank, N.A."  Equally

4    important, and equally fatal to plaintiff's claim are cases holding that there is no legal

5    requirement for an assignment to be recorded for a successor beneficiary to foreclose.  *See, e.g.*,

6    *Parcray v. Shea Mortg., Inc.*, 2010 U.S. Dist. LEXIS 40377, *31 (E.D. Cal. Apr. 23, 2010)

7    ("There is no requirement under California law for an assignment to be recorded in order for an

8    assignee beneficiary to foreclose."); *Calvo v. HSBC Bank USA, N.A.*, 2011 Cal. App. LEXIS

9    1184, at *5 (Cal. App. 2d Dist. 2011) ("It has been established since 1908 that this statutory

10   requirement that an assignment of the beneficial interest in a debt secured by real property must

11   be recorded in order for the assignee to exercise the power of sale applies only to a mortgage and

12   not to a deed of trust.").

13   Accordingly, plaintiff's claims based on an alleged failure to assign the loan (e.g., slander

14   of title (15th), fraud (16th and 18th) and negligent supervision), fails.

15   **9.    THE REMAINING CLAIMS SUFFER FROM ADDITIONAL SHORTCOMINGS.**

16   **A.    There Is No Merit In The Claim For Relief For Either Slander Of Title Or Quiet**

17   **      Title (15th).**

18   **      i.    The Slander of Title Claim Fails Because Plaintiff Cannot Allege A False**

19   **            Statement, Made With Malice, Which Is Not Privileged And He Cannot**

20   **            Allege Resulting Injury.**

21   Plaintiff's fifteenth claim for slander of title is also apparently based on the mistaken

22   belief that her loan was securitized.  The fundamental flaw with this claim is that she has not

23   pled any false statements made by Wells Fargo impacting title.

24   Under California law, a slander of title claim must allege three elements: 1) Plaintiff's

25   ownership of the Property; 2) Defendant's disparagement of Plaintiff's title; and 3) "specific

26   allegations, as special damages, of the particular financial loss suffered by the disparagement."  5

27   Witkin, *Cal. Procedure* (5th ed. 2008), Pleadings §749 (citing *Burkett v. Griffith*, 90 Cal. 532

28   (1891)).  Disparagement of title requires publication of some false statement.  *Truck Ins. Exch. v.*

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1   *Bennett*, 53 Cal. App. 4th 75, 84 (1997).  Plaintiff must specifically allege the particular financial

2   loss caused by the recording of any of these documents.  *Davis. v. Wood*, 61 Cal. App. 3d 788,

3   798 (1943).

4        Here, Plaintiff alleges no "publication of a false statement."  *Truck Ins. Exch*., 53 Cal.

5   App. 4th at 84.  Plaintiff points to nothing in any of document that was false.  Moreover, plaintiff

6   fails to allege that any false statement was made with malice or was not privileged and has failed

7   to allege any financial loss stemming from a purported false statement.  Thus, the allegations fall

8   short of constituting a claim.

9        To the extent plaintiff attempts to base this claim on statements in the recorded Notice of

10  Default or Notice of Sale, such claims fail due to the privilege provided by Civil Code §2924(d).

11  *See Kachlon v. Markowitz*, 168 Cal. App. 4th 316, 336 (2008) (finding litigation privilege of

12  Civil Code § 47 applicable to recordation of instruments related to trustee's sale).

13       Accordingly, the slander of title claim is fatally defective.

14   **ii.**      **The Claim For Quiet Title Is Missing Key Elements, Fails For Lack Of**

15              **Tender And Is Barred By The Statute Of Limitations.**

16       Plaintiff's "Petition to Quiet Title" asserts that plaintiff is the rightful and legal titleholder

17  of the property.  (Compl. ¶¶149-50).  However, he fails to satisfy any of the requirements of

18  California Code of Civil Procedure § 761.020.

19       To state a quiet title claim, a complaint must be verified and include:  (1) a legal

20  description of the property, (2) the title of the plaintiff and the basis of the title, (3) the adverse

21  claims to the title of the plaintiff, (4) the date as of which the determination is sought, and (5) a

22  prayer for the determination of the title of the plaintiff against the adverse claims.  Code Civ.

23  Proc. § 761.020.  The instant complaint falls well short:  it does not establish the basis for the

24  plaintiff's claim to title, nor does it state the date on which quiet title is sought.

25       Finally, claims to quiet title as to a known claim of right such as the deed of trust here is

26  either subject to the four year statute applicable to rescission of a written contract (Cal. Code

27  Civ. Proc. § 337) or the five year statute of limitations to recover real property (Cal. Code Civ.

28  Proc. § 318).  Either way, the deed of trust was recorded in 2004 and any challenge to it had to

1    be brought by 2009.

2    **B.**     **Plaintiff's Claims For Fraud Are Time Barred And Not Pled With The Requisite**

3            **Specificity (16th & 18th).**

4            Plaintiff asserts fraud claims based on the lengthy discussion of pooling and servicing

5    agreements associated with securitized loan transactions.  Even if plaintiff's interpretation of

6    such agreements was right (which it isn't), it would have no bearing here as his loan was not

7    securitized or assigned to Wells Fargo.  His lender just changed its name and then merged into

8    Wells Fargo.  Moreover, the claim suffers from additional defects.

9            **i.**     **The Claims Are Time-Barred.**

10           Plaintiff's loan closed and the deed of trust was recorded in May 2004. (RJN Exh. B).

11   Since plaintiff alleges defendants induced him to enter the loan transaction with material

12   misrepresentations (Compl. ¶161) and he entered the loan transaction in 2004, the fraud claim is

13   barred by the three year statute of limitations in California Code of Civil Procedure § 338(d).

14   Plaintiff offers no excuse for waiting until November 2012 to file this action.  Accordingly,

15   plaintiff's claim for fraud is time-barred.

16           **ii.**     **Plaintiff Fails To Plead Either Fraud With Particularity.**

17           The elements of fraud are (1) misrepresentation; (2) knowledge of falsity; (3) intent to

18   defraud; (4) justifiable reliance; and (5) resulting damages.  *Wilhelm v. Pray, Price, Williams &*

19   *Russell*, 186 Cal. App. 3d 1324, 1331 (1986).  Rule 9(b) of the Federal Rules of Civil Procedure

20   subjects fraud allegations to a higher standard of specificity. *Glen Holly Entertainment, Inc. vs.*

21   *Tektronix, Inc.*, 100 F. Supp. 2d 1086, 1093-1094 (C.D. Cal. 1999).  Targeting a corporation also

22   requires pleading the names of the person or persons who allegedly made the fraudulent

23   representation, their authority to speak, to whom they spoke, what they said or wrote, and when

24   it was said or written. *Tarmann v. State Farm Mutual Auto Insurance Co.*, 2 Cal.App.4th 153,

25   157 (1991).

26           Vague and conclusory allegations of fraud, such as those pleaded here, fail to meet Rule

27   (b)'s requirement of "particularity."  *Moore v. Keyport Package Express, Inc.*, 885 F.2d 531, 540

28   (9th Cir. 1989) ("while statements of the time, place and nature of the alleged fraudulent

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

CASE NO.: 3:13-CV-00003-EDL
MEMO OF POINTS AND AUTHORITIES

1    activities are sufficient, mere conclusory allegations of fraud are insufficient.")

2        Plaintiff does not identify the person who made the representation, that person's authority

3    to speak on behalf of Wells Fargo, or when the representation was made.

4    **C.**    **Plaintiffs Cannot Plead The Elements Of Negligent Supervision (17th).**

5        Plaintiff's negligent supervision claim alleges that Wells Fargo had a duty of care to

6    supervise the actions of their employees and their employee's violated plaintiff's property rights.

7    (Compl. ¶¶168-69).  This claim is vague and fails to meet  the standard of Rule 8.  To the extent

8    plaintiff's claim is supported by the other claims for relief (*see* ¶167), it fails for the reasons in

9    this motion to dismiss.

10       Moreover, "[l]iability for negligent supervision … is one of direct liability for negligence,

11   not vicarious liability."  *Delfino v. Agilent Technologies, Inc.*, 145 Cal. App. 4th 790. 815 (2006).

12   Thus, the plaintiff must establish the elements for negligence, including duty, breach, harm and

13   causation.  *Id.* at 816-17.  Absent a duty of care to the plaintiff, there can be no liability on the

14   part of the employer or principal.  *Id.* at 816.

15       Existence of a duty "is primarily a question of law."  *Eddy v. Sharp*, 199 Cal. App. 3d

16   858, 864 (1988).  "[A]bsent a duty, the defendant's care, or lack of care, is irrelevant."  *Software*

17   *Design & Appl., Ltd. v. Hoefer & Arnett, Inc.*, 49 Cal. App. 4th 472, 481 (1996).  "[A]s a general

18   rule, a financial institution owes no duty of care to a borrower when the institution's involvement

19   in the loan transaction does not exceed the scope of its conventional role as a mere lender of

20   money."  *Nymark v. Heart Fed. Sav. & Loan Assn.*, 231 Cal. App. 3d 1089, 1095 (1991); *Dooms*

21   *v. Fed. Home Loan Mortg. Corp.*, 2011 U.S. Dist. LEXIS 38550, 24-25 (E.D. Cal. Mar. 30,

22   2011) (liability to a borrower for negligence arises only when the lender "actively participates"

23   in the financed enterprise "beyond the domain of the usual money lender.")  No duty to a

24   borrower arises because the lender approved a loan.  *Perlas v. GMAC Mortg., LLC*, 187 Cal.

25   App. 4th 429, 436 (2010) ("The lender's efforts to determine the creditworthiness and ability to

26   repay by a borrower are for the lender's protection, not the borrower's.").

27       Here, plaintiff has alleged no facts suggesting that Wells Fargo exceeded its conventional

28   role as a mere lender of money when it made the loan.  The loan agreements show merely a

*Anglin Flewelling Rasmussen Campbell & Trytten llp*

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1   straightforward, arms-length loan transaction.  (RJN Exhs. A, B).  There was no actionable duty,

2   and the negligent supervision claim must be dismissed.

3        Finally, negligence claims are subject to a two-year statute of limitations.  Cal. Code Civ.

4   Proc. § 337.  To the extent this claim is based on the securitization of the loan, which plaintiff

5   alleges occurred at the origination of the loan in 2004, this claim was time-barred in 2006.  The

6   complaint filed in 2012 is six years too late.

7        **10.   PLAINTIFF'S STATE LAW CLAIMS ARE PREEMPTED**

8        **BY THE HOME OWNER'S LOAN ACT ("HOLA").**

9   **A.   As A Federally-Chartered Savings Bank, World Savings Operated Under HOLA.**

10        In addition to lack of tender, the majority of this action is preempted by the Home

11   Owners' Loan Act ("HOLA"), 12 U.S.C. § 1461, *et seq.*, and its implementing regulations,

12   including 12 C.F.R. § 560, articulated by the Treasury Department's Office of Thrift Supervision

13   ("OTS").[3]  As set forth in detail below, the allegations against Wells Fargo entirely relate to the

14   "processing" and "servicing" of plaintiffs' mortgage, thereby triggering HOLA preemption.

15        When the loan in question was made to plaintiff, Wells Fargo's predecessor (World

16   Savings Bank, FSB) was a federally-chartered savings bank, organized and operating under

17   HOLA.  On December 31, 2007, World Savings was renamed as Wachovia Mortgage, FSB,

18   which is presently a division of Wells Fargo Bank, N.A.  Attached to the accompanying RJN are

19   true and correct copies of records evidencing World Savings' initial charter, its subsequent name

20   change and merger, its governance by the Office of Thrift Supervision, and HOLA's application.

21   (RJN, Exhs. C through G).

22   **B.   Regulations Promulgated By The OTS Preempt Any State Law That Affects The**

23        **Operation Of A Federal Savings Association.**

24        Pursuant to HOLA, the OTS was granted power, "under such regulations as [it] may

25

26   [3]  Congress enacted HOLA during the Great Depression to "restore the public's confidence in savings and loan associations at a time when 40% of home loans were in default."  *Bank of*

27   *America v. The City & County of San Francisco*, 309 F.3d 551, 559 (9th Cir. 2002).  HOLA was enacted in part due to Congressional dissatisfaction with the regulation of home financing by the

28   states.  *American Banker Association v. Lockyear*, 239 F. Supp. 2d 1000, 1010 (E.D. Cal. 2002).

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1  prescribe – to provide for the organization, incorporation, examination, operation, and regulation

2  of…Federal savings associations…" 12 U.S.C. § 1464(a).  The OTS is thus authorized "to

3  prescribe a nationwide system of operation, supervision, and regulation which would apply to all

4  federal associations."  *Glendale Fed. Sav. & Loan Ass'n v. Fox*, 459 F. Supp. 903, 909 (C.D. Cal.

5  1978).

6      OTS regulations are "preemptive of any state law purporting to address the subject of the

7  operations of a federal savings association."  12 C.F.R. § 545.2.  The "OTS hereby occupies the

8  entire field of lending regulation for federal savings associations…" and a federal savings bank,

9  "may extend credit as authorized under federal law, including this part, without regard to state

10  laws purporting to regulate or otherwise affect their credit activities."  12 C.F.R. § 560.2(a).[4]

11      Furthermore, the courts are quite clear that the HOLA regulations are "pervasive":

12

13      We have described HOLA and its following agency regulations as … so pervasive
        as to leave no room for state regulatory control.  [B]ecause there has been a
        history of significant federal presence in national banking, the presumption
14      against preemption of state law is inapplicable.

15  *Silvas v. E*Trade Mortgage Corp.*, 514 F.3d 1001, 1004-1005 (9th Cir. 2008).

16      As briefed below, these "pervasive" OTS regulations preempt each state law claim.

17  **C.      State Laws Preempted By HOLA.**

18      12 C.F.R. § 560.2(b) provides for preemption of state laws that purport to impose upon

19  federal savings banks and their successors[5] any requirements regarding:

20

21

_____

22  [4]  Indeed, case law casts a wide net over claims preempted by HOLA.  In *Bank of America,
    supra*, 309 F.3d at 558, the Court noted:  "[S]ince the passage of the HOLA in 1933, OTS
23  regulations have governed the 'powers and operations of every federal savings and loan
    association from its cradle to its corporate grave.'"  The Supreme Court has noted that, "[i]t
24  would have been difficult for Congress to give the [OTS] a broader mandate."  *Fidelity Federal
    Sav. & Loan Ass'n v. de la Cuesta*, 458 U.S. 141, 159-160 (1982).

25

26  [5]  The application of HOLA also applies to the successors of federal savings banks.  *See e.g.,
    Guerrero v. Wells Fargo Bank, N.A.*, 2010 U.S. Dist. LEXIS 96261 (C.D. Cal. Sept. 14, 2010)
27  ("Where a national association, such as [Wells Fargo Bank, N.A.], acquires the loan of a federal
    savings bank, it is proper to apply preemption under HOLA.");  *DeLeon v. Wells Fargo Bank,
28  N.A.*, 729 F. Supp. 2d 1119, 1126 (N.D. Cal. June 9, 2010, Fogel, J.);  *Zlotnik v. U.S. Bancorp, et
    al.*, 2009 U.S. Dist. LEXIS 119857, *17-26 (N.D. Cal. Dec. 22, 2009, Hamilton, J.);  *see also* 9

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

The…**circumstances under which a loan may be called due and payable** upon the passage of time or a specified event external to the loan (12 C.F.R. § 560.2(b)(4));

**Security property**, including leaseholds (12 C.F.R. § 560.2(b)(7));

**Processing**, origination, **servicing**, **sale or purchase of**, or investment or participation in, **mortgages**… (12 C.F.R. § 560.2(b)(10)).

**D.     The Application Of HOLA Preempts Plaintiffs' Claims.**

The preemption analysis under HOLA is simple.  Step one determines whether the type of state law appears on the list set forth in 12 C.F.R. § 560.2(b).  If it does, the analysis ends and the state law is preempted.  There is no second step.  *Silvas,* at 514 F.3d at 1005.  Any doubt is resolved in favor of preemption.  *Weiss v. Washington Mutual Bank*, 147 Cal. App. 4th 72, 77 (2007) (among other things, fraud and UCL claims were preempted by HOLA).

Plaintiff's claims for relief concerning the "securitization" of their loan are preempted by HOLA as they impinge on, among other OTS regulations, § 560.2(b)(4) relating "circumstances under which a loan may be called due and payable"; the clause under § 560.2(b)(7) relating to "security property"; and the clause under § 560.2(b)(10) relating to the "servicing, sale or purchase of…mortgages."

In *Morrison v. Wachovia Mortgage*, 2012 U.S. Dist. LEXIS 38447, *6 (C.D. Cal. Jan. 9, 2012), the court found that HOLA applies to a plaintiff's claim that her loan was "securitized."  "The FAC asserts that because Wachovia "securitized" plaintiff's loan, it had 'no right to title or interest in the property' and therefore wrongfully initiated foreclosure proceedings…Allegations regarding unlawful foreclosure proceedings, however, fall within the preemptive scope of the HOLA."  *Id.*

Likewise, in *Hunt v. Wells Fargo Bank N.A.* 2011 U.S. Dist Lexis 29110, *2 (N.D. Cal. 2011, Hamilton, J), the court held that World Savings Bank, FSB, Wachovia Mortgage, FSB, and the successor Wells Fargo were all subject to HOLA, finding that allegations with respect to the servicing of the underlying loan and its sale to a subsequent purchaser are all preempted: "state laws that are

Witkin, Summary of Cal. Law, Corporations § 198 (10th ed. 2005) (In a merger the surviving entity "succeeds to the rights, property, debts and liabilities, without other transfer.").

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1   preempted by HOLA…including those laws that deal with… the servicing, origination, and sale of loans."

2   *Id.*

3   In *Ahmed v. Wells Fargo Bank*, 2011 U.S. Dist. LEXIS 49526 (N.D. Cal. May 9, 2011)

4   the Court dismissed *with prejudice* claims based on allegations that Wells Fargo "did not possess

5   the promissory note" or "are not the legal owners of the note and Trust Deed" because such

6   claims are preempted by HOLA.  *Id.* at *8-9.  In *Hague v. Wells Fargo Bank, N.A*., 2011 U.S.

7   Dist. LEXIS 140122, *13-14 (N.D. Cal. Dec. 6, 2011), the Court stated:

8
9   [h]ere  . . . . The fact that the *Hagues* challenge the securitization of the *Hagues*'
mortgage would seem to fall squarely within § 560.2(b)(10)'s specific preemption
10   of state claims that deal with "investment" in mortgages. Thus no broad
interpretation of § 560.2(b)(10) is at issue here. Furthermore, REMIC
securitization (as alleged by the *Hagues*) does not actually remove the property
11   interest of the party assigning the note—the purchase of the note by entities which
sell securities (i.e. securitization of the note) does not alter the Note. *Wadhwa v.*
12   *Aurora Loan Services, LLC, et. al.*, 2011 U.S. Dist. LEXIS 73949, 2011 WL
2681483 at *4-5 (N.D. Cal. July 8, 2011).   Therefore, HOLA preempts the first
13   claim for declaratory relief.

14   *See also DeLeon v. Wells Fargo Bank, N.A*., 729 F. Supp. 2d 1119, 1121 (N.D. Cal. June 9,

15   2010) (Fogel, J.) (borrowers' claims for "wrongful foreclosure," "cancellation of trustee's deed,"

16   violation of Civil Code § 2923.5, and quiet title were preempted because they directly related to

17   loan "servicing"); *Nguyen v. Wells Fargo Bank, N.A*., 749 F. Supp. 2d 1022 (N.D. Cal. Oct. 25,

18   2010 (LaPorte, J.) (same).

19   Another ruling directly on point is *Castillo v. Wachovia Mortg*., 2012 U.S. Dist. LEXIS

20   50926 (N.D. Cal. Apr. 11, 2012, Chen, J.).  Similar to the present case, the plaintiff in *Castillo*

21   alleged that "Defendants did not have the authority to foreclose because they failed to produce

22   the promissory note, MERS has 'sold the Deed of Trust over and over, and the true beneficiary is

23   unknown and has separated the Note and Deed of Trust making the deed of trust null and void.'"

24   *Id.* at *15.  The court cited ample authority and concluded that: "[s]uch claims, based on

25   Defendants' alleged failure to follow proper procedures in maintaining and servicing a loan and

26   failure to demonstrate their authority to foreclose, have consistently been determined to fall

27   under the umbrella of claims preempted by HOLA."  *Id.*

28   Here, as in the above decisions, the state law claims against Wells Fargo are preempted,

1  for they fit squarely within § 560.2(b).  If not preempted, these types of state claims would

2  unquestionably impinge upon the lending and servicing policies of federal loan associations and

3  their successors.  This is something Congress sought to avoid through the passage of HOLA.

4  **11.   NONE OF THE CLAIMS IS SUFFICIENT AS TO GOLDEN WEST**

5          As addressed above, judicially noticeable documents demonstrate Golden West was not

6  involved with the foreclosure of the loan or had any ownership interest in the loan: (1) On March

7  21, 2012, Cal-Western had the notice of default recorded as a result of plaintiff's default (RJN

8  Exh. H); (2) on June 11, 2012, Cal-Western had the substitution of trustee recorded, whereby it

9  replaced Golden West as trustee (RJN, Exh. I); and on July 10, 2012, Cal-Western had the notice

10  of trustee's sale recorded (RJN, Exh. J).  As Golden West was not involved in the foreclosure

11  proceedings and is not alleged to have any ownership interest in the loan, it should be dismissed

12  from this action forthwith.

13  **12.   CONCLUSION**

14          For the foregoing reasons, Wells Fargo requests an order granting its motion to dismiss

15  with respect to each claim.

16                                              Respectfully submitted,

17  Dated:  January 10, 2013                    ANGLIN, FLEWELLING, RASMUSSEN,
                                                    CAMPBELL & TRYTTEN LLP

18

19                                              By:   /s/ E. Christine Hehir
                                                    E. Christine Hehir
                                                    chehir@afrct.com
20                                              Attorneys for Defendants WELLS FARGO
                                                BANK, N.A., successor by merger with Wells
21                                              Fargo Bank Southwest, N.A., formerly known as
                                                Wachovia Mortgage, FSB, f/k/a World Savings
22                                              Bank, FSB (erroneously sued as Wells Fargo
                                                Home Mortgage" and "Wachovia Corporation")
23                                              and GOLDEN WEST SAVINGS ASSOCIATION
                                                SERVICE CO. ("Golden West") (collectively
24                                              "Wells Fargo")

25

26

27

28

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1

**CERTIFICATE OF SERVICE**

2

3   I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I am employed in the City of Pasadena, California; my business address is Anglin, Flewelling, Rasmussen, Campbell & Trytten LLP, 199 S. Los Robles Avenue, Suite 600, Pasadena, California  91101-2459.

4

5   On the date below, I served a copy of the foregoing document entitled:

6   **DEFENDANT WELLS FARGO'S NOTICE OF MOTION AND MOTION TO DISMISS THE COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**

7

on the interested parties in said case as follows:

8

*Served by Means other than the Court's CM/ECF System:*

9

10   *Plaintiff in Pro Se:*            *Counsel for Cal-Western Reconveyance Corporation:*

11   Matthew H. Elmore
1871 Ridgeland Circle
Danville, California, 94526       Robin P. Wright (# 150984)

12                                    rwright@wrightlegal.net
Helen Cayton (# 258380)

13                                    hcayton@wrightlegal.net
WRIGHT, FINLAY & ZAK, LLP

14                                    4665 MacArthur Court, Suite 280
Newport Beach, California 92660

15                                    Tel.:  (949) 477-5050; Fax:  (949) 477-9200

16   ☒   **BY MAIL:** I am readily familiar with the firm's practice of collection and processing correspondence by mailing.  Under that same practice it would be deposited with U.S. Postal Service on that same day with postage fully prepaid at Pasadena, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

17

18

19

20   I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.  This declaration is executed in Pasadena, California on January 11, 2013.

21

22

23   Christine Daniel                     */s/ Christine Daniel*

24   (Type or Print Name)                 (Signature of Declarant)

25

26

27

28